MH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Yanile Morales Villabbos, | No.   CV-26-02199-PHX-JJT (MTM) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Christopher Howard, *et al.*, | |
| Respondents. | |

Petitioner has filed a Petition Under 28 U.S.C. § 2241 (Doc. 1) challenging her immigration detention.

Petitioner states that she is a native and citizen of Venezuela who entered the United States on March 6, 2024. (*Id.* at 3.)  According to Petitioner, she was taken into custody by Immigration and Customs Enforcement officials on November 7, 2025, and has remained detained since that time. (*Id.*)  On December 27, 2025, a final order of removal was entered against Petitioner. (*Id.*)

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2).  After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6).

"[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment

until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). Under § 1231(a)(1)(b), the 90-day removal period begins on the latest of the following:

> (i)  The date the order of removal becomes administratively final.

> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

An order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . . [u]pon waiver of appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time. 8 C.F.R. § 1241.1.

It is not clear from the Petition whether the 90-day removal period set forth in 28 U.S.C. § 1231(a)(2) has expired. However, it appears from statements made in an attachment to the Petition that Petitioner may have waived appeal,[1] in which case the 90-day period would have ended on March 27, 2026. Accordingly, the Court will dismiss ICE Field Office Director Jason Ciliberti as an improper respondent, *see Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024), and will order the remaining Respondents to show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**Warnings:**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion

---

[1] Specifically, Petitioner states that she consented to ICE's December 2025 third-country removal request. (Doc. 1 at 6.)

- 2 -

for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document she files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)    Respondent Ciliberti is **dismissed**.

(2)    Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court must **substitute** Eric Rokosky for Respondent Christopher Howard, Markwayne Mullin for Respondent Kristi Noem, and Todd Blanche for Respondent Pamela Bondi.

(3)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)    Respondents must show cause no later than **April 9, 2026**, why the Petition should not be granted.

(6)    Petitioner may file a reply no later than **April 16, 2026**.

(7)     The Clerk of Court must **amend** the docket to reflect the correct spelling of Petitioner's last name ("Villalobos").

Dated this 2nd day of April, 2026.

_____
Honorable John J. Tuchi
United States District Judge